IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(WACO DIVISION)

| | |
|---|---|
| SPELLCASTER IP LLC,<br><br>Plaintiff,<br><br>v.<br><br>KAHOOT! EDU, INC. and<br>KAHOOT! AS,<br><br>Defendants. | §§§§§§§§§§§ C.A. No. 6:20-cv-704<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Spellcaster IP LLC ("Spellcaster" or "Plaintiff") files this Original Complaint against Defendants Kahoot! EDU, Inc. ("Kahoot! EDU") and Kahoot! AS ("Kahoot! AS") (Kahoot! EDU and Kahoot! AS are collectively referred to as "Defendant") for infringement of U.S. Patent No. 10,201,753 ("the '753 patent" or "the patent-in-suit").

## THE PARTIES

1. Plaintiff is a Texas limited liability company with its principal place of business located in Dallas, TX.

2. Upon information and belief, Kahoot! EDU is a Texas corporation with a principal place of business at 701 Brazos St., Ste 1601, Austin, TX 78701. Upon information and belief, Kahoot! EDU sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products that result in infringement into the stream of commerce knowing that they will be sold in Texas and this judicial District.

3. Upon information and belief, Kahoot! AS is a Norwegian corporation with a principal place of business at Fridtjof Nansens Plass 7 Oslo, 0160 Norway. Upon information and

1

belief, Kahoot! AS sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products that result in infringement into the stream of commerce knowing that they will be sold in Texas and this judicial District.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. With respect to Kahoot! EDU, venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Kahoot! EDU has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District and has a regular and established place of business within the District.

7. With respect to Kahoot! AS, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3). Kahoot! AS is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

8. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. Defendant, directly and through subsidiaries and intermediaries (including distributors, retailers, franchisees and others), has committed and continues to commit

acts of infringement in this District by, among other things, making, using, testing, selling, importing, and/or offering for sale products that infringe the patent-in-suit.

9. On information and belief, Defendant has placed and continues to place infringing applications into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this District. Defendant has significant ties to, and presence in, the State of Texas and the Western District of Texas, making venue in this judicial district both proper and convenient for this action.

## THE PATENT-IN-SUIT

10. The '753 patent is titled "Gaming machine and program thereof." The inventions claimed in the patent-in-suit generally relate to a new and novel gaming machine and program in which user-generated sign information is compared to sign data that correlates to a predetermined gaming process.

11. The '753 patent lawfully issued on Feb. 12, 2019, and stems from Application No. 11/176,597.

12. The named inventors on the patent-in-suit are Kazumasa Yoshizawa and Junichi Kogo.

13. The patent-in-suit claims priority to foreign applications JP 2004-210580 and JP 2004-210581, which were filed on July 16, 2004.

14. Each asserted claim in the patent-in-suit is presumed valid. Each asserted claim in the patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

## COUNT I
### (Infringement of U.S. Patent No. 10,201,753)

15. Plaintiff incorporates paragraphs 1 through 14 herein by reference.

16. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

17. Plaintiff is the owner of the '753 patent with all substantial rights to the '753 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

18. The '753 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

19. Defendant has, and continues to, infringe one or more claims of the '753 patent in this judicial district and elsewhere in Texas and the United States.

20. On information and belief, Defendant has, and continues to, either by itself or via an agent, infringe at least claim 1 of the '753 patent by, among other things, making and using the apparatus of claim 1 via at least its testing and use of smartphones and tablets with applications such as DragonBox Numbers that include sign matching functionality ("the Accused Products").

21. Attached hereto as Exhibit A,[1] and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '753 patent.

### INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

22. Based on the information presently available to Plaintiff, absent discovery, and in the alternative and in the addition to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '753 patent by inducing direct infringement by end users of the Accused Products. Defendant's customers and end users directly

---

[1] The chart attached as Exhibit A is illustrative and provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accordance with the Local Rules, Courter orders, and/or schedule entered by the Court.

infringe the '753 patent, including claim 1, by, among other things, installing and using Defendant's applications that include sign matching functionality (e.g., DragonBox Numbers) on a smartphone or tablet (e.g., as illustrated by Exhibit A).

23. Defendant has had knowledge of the '753 patent and its infringement based on a letter sent to Defendant by Plaintiff on July 13, 2020. The letter contained a claim chart, like the one attached hereto as Exhibit A, detailing infringement of the '753 patent. Defendant also has knowledge of the '753 patent and its infringement based on this complaint.

24. On information and belief, despite having knowledge of the '753 patent, Defendant has specifically intended for persons who acquire and use its applications (e.g., DragonBox Numbers), including Defendant's customers and end consumers, to download and use such applications in a way that results in infringement of the '753 patent, including at least claim 1, and Defendant knew or should have known that its actions were inducing infringement.

25. Despite having knowledge of the '753 patent and its infringements, Defendant has continued to instruct and encourage customers and end users to make and use the Accused Products by advertising and encouraging customers and end users to download and use its applications that include sign matching functionality (e.g., Dragon Box Numbers), which results in infringement of the '753 patent (e.g., as illustrated by Exhibit A). For example, Defendant has continued to advertise and encourage users to download and use Defendant's applications that include sign matching functionality (e.g., DragonBox Numbers) on the Apple and Google Play app stores, and on its website dragonbox.com.

26. Defendant is liable for its infringements of the '753 patent pursuant to 35 U.S.C. § 271.

27. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '753 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: July 31, 2020 | Respectfully submitted,<br><br>/s/ *Ryan Griffin*<br>Ryan Griffin<br>Texas Bar No. 24053687<br><br>**GRIFFIN LAW PLLC**<br>312 W 8th Street<br>Dallas, TX 75208<br>Tel: (214) 500-1797<br>ryan@griffiniplaw.com<br><br>Attorneys for Plaintiff<br>**SPELLCASTER IP LLC** |